# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:                                                    Case No. 12-10796

ILDELISA ROSARIO RAMOS,                                   Chapter 13


        Debtor(s)
_____/

## MOTION SUBMITTING AN AMENDED CHAPTER 13 PLAN

**TO THE HONORABLE COURT:**

        Comes now Debtor(s), represented by undersigned counsel, and very respectfully alleges

and prays as follows:

1. On March 2, 2012, the Debtor filed a Chapter 13 Plan (the "Plan") pursuant to 11
   U.S.C. § 1321.

2. To comply with applicable provisions of the Bankruptcy Code, however, an
   amendment to the Plan has been necessitated.   Pursuant to 11 U.S.C. § 1323, Debtor
   hereby summits amended Chapter 13 Plan dated March 5, 2012 (the "Amended
   Plan").

3. Specifically, the Amended Plan address; **TO CLARIFY THE PROPOSED PLAN
   BASE.**


### NOTICE OF OPPORTUNITY TO OBJECT PURSUANT TO LBR 9013-1(h)

Within twenty one (21) days after service as evidence by the certification, and an
additional three (3) days pursuant to Feb. R. Bank. P. 9006(f) if you were served
by mail, and any party against whom this paper has been served, or any other
party to the action who objects to the relief sought herein, shall serve and file an
objection or other appropriate response to this paper with the Clerk's office of the
U.S. Bankruptcy Court for the District of Puerto Rico.  If no objection or other
response is filed within the time allowed herein, the paper will be deemed
unopposed and may be granted unless: (i) the requested relief is forbidden by law;
(ii) the requested relief is against public policy; or (iii) in the opinion of the Court,
the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED**
In San Juan, Puerto Rico this 5th day of March, 2012

**THE BATISTA LAW GROUP, PSC.**
Cond. Mid-Town Center
421 Ave. Muñoz Rivera Suite 901
San Juan, PR. 00918
Telephone: (787) 303-0325
Facsimile: (787) 777-1589
E-mail: jesus.batista@batistalawgroup.com
Counsel for Debtor

/s/ Jesus E. Batista Sanchez, Jr.
Jesus E. Batista, JR., USDC # 227014

## United States Bankruptcy Court
### District of Puerto Rico

| In re | ILDELISA ROSARIO SANTOS | | Case No. | **12-00796** |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | **13** |

## CERTIFICATE OF SERVICE

I hereby certify that on __March 5, 2012,__ a copy of this document was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

AMERICAN EXPRESS
AMERICAN EXPRESS
AMEX DSNB
ATT SERVICES
BANCO POPULAR
BANCO POPULAR DE PR
BANCO POPULAR DE PR
BANCO SANTANDER DE PUERTO RICO
BP-CRLINE
CITI
CITIBANK USA
COOP A/C VEGA ALTA
COOP A/C VEGA ALTA
COOPERATIVA A/C VEGA ALTA
DEPARTAMENTO DE HACIENDA
FIA CSNA/BANK OF AMERICA
FransGlobal, Inc.
GECRB/TJX COS
GEMB/WALMART DC
INTERNAL REVENUE SERVICE
IRS DEPARTMENT OF THE TREASURY
SAMS CLUB/ GEMB
TOYOTA FINNANCIAL SERVICES

/s/ Jesus E. Batista Sanchez USDC #
Jesus E. Batista Sanchez USDC # 227014
The Batista Law Group, PSC
Cond. Mid Town Plaza
421 Munoz Rivera Ave. - Suite #901
San Juan, PR 00918
787-303-0325 Fax:787-777-1589
jesus.batista@batistalawgroup.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | **ILDELISA ROSARIO SANTOS** | BK. CASE # | **12-00796** |
|---|---|---|---|
| | DEBTOR(S) | CHAPTER 13 | |

## CHAPTER 13 PAYMENT PLAN

NOTICE: • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • **This plan does not allow claims. Any party entitled to receive disbursements from the Trustee must file a proof of claim.** The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan. • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee:
☒ directly ☐ by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
☐ 3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

| **PLAN DATED:** | **AMENDED PLAN DATED:** ☒ **3/5/2012** |
|---|---|
| ☒ PRE ☐ POST-CONFIRMATION | FILED BY ☒ DEBTOR ☐ TRUSTEE ☐ UNSECURED CREDITOR |

### I. PAYMENT PLAN SCHEDULE

| $ | 500.00 | x | 30 | = $ | 15,000.00 |
|---|---|---|---|---|---|
| $ | 1500.00 | x | 30 | = $ | 45,000.00 |
| $ | 0.00 | x | 0 | = $ | 0.00 |
| $ | | x | | = $ | |
| $ | | x | | = $ | |
| | | TOTAL = | 60 | = $ | 60,000.00 |

Additional Payments:
$ _____ to be paid as a LUMP SUM
within _____ with proceeds to come from
☐ Sale of property identified as follows:
_____
_____
☐ Other:
_____
_____

Periodic Payments to be made other than and in addition to the above.
$ **6,000.00** x **5** = $ **30,000.00**
To be made on: **Months 6, 12, 18, 24, and 30 -**

## PROPOSED PLAN BASE: $ 90,000.00

### II. ATTORNEY'S FEES

To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

| a. Rule 2016(b) Statement: | $ | 1,500.00 | |
|---|---|---|---|
| b. Fees Paid (Pre-Petition): | ($ | 1,500.00 | ) |
| c. R 2016 Outstanding balance: | ($ | 0.00 | ) |
| d. Post Petition Additional Fees: | $ | 1,500.00 | |
| e. Total Compensation: | $ | 3,000.00 | |

| Signed: | /s/ ILDELISA ROSARIO SANTOS |
|---|---|
| | DEBTOR |
| | |
| | JOINT DEBTOR |

### III. DISBURSEMENT SCHEDULE SEQUENCE

A. **SECURED CLAIMS:** ☐ Debtor represents that there are no secured claims.
☒ Secured creditors will retain their liens and shall be paid as follows:

☐ **ADEQUATE PROTECTION** Payments: Cr. _____ $ _____ 0.00
☒ Trustee will pay secured **ARREARS:**
Cr. **BANCO POPULA** Cr. _____ Cr. _____
Acct. **07-101-001-80976** Acct. _____ Acct. _____
$ **9,707.00** $ _____ $ _____

☐ Trustee will pay REGULAR MONTHLY PAYMENTS:
(please refer to the above related notice, for important information about this provision)
Cr. _____ Cr. _____ Cr. _____
Acct. _____ Acct. _____ Acct. _____
Monthly Pymt.$ _____ Monthly Pymt.$ _____ Monthly Pymt.$ _____

☒ Trustee will pay IN FULL Secured Claims:
Cr. **TOYOTA** Cr. _____ Cr. _____
$ **4,100.00** $ _____ $ _____

☒ Trustee will pay VALUE OF COLLATERAL:
Cr. **COOPERATIVA** Cr. _____ Cr. _____
$. **0.00** $. _____ $. _____

☐ Secured Creditor's interest will be insured. INSURANCE POLICY will be paid through plan:
Cr. _____ Ins. Co. _____ Premium: $ _____
(Please indicate in "Other Provisions" the insurance coverage period)

☒ Debtor SURRENDERS COLLATERAL TO Lien Holder: **BANCO SANTANDER DE**
☒ Debtor will maintain REGULAR PAYMENTS DIRECTLY to: **BANCO POPULAR**

B. **PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
☒ **DEPARTAMENTO DE HACIENDA, IRS DEPARTMENT OF THE**

C. **UNSECURED PREFERRED:** Plan ☒ Classifies ☐ Does not Classify claims
☐ Class A: ☒ Co-debtor Claims: ☒ Pay 100% ☐ "Pay Ahead"
☐ Class B: ☐ Other Class: _____
☒ Cr. **COOP A/C** ☐ Cr. _____ ☐ Cr. _____
$ **60,000.00** $ _____ $ _____

D. **GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = $ 0.00 )
☐ Will be paid 100% plus % Legal Interest. ☐ Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**

**\* For additional other provisions, please see attachment sheet(s).**

| ATTORNEY FOR DEBTOR: | /s/ Jesus E. Batista Sanchez USDC # | Phone: | 787-620-2856 |
|---|---|---|---|

UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:   **ILDELISA ROSARIO SANTOS**

DEBTOR(S)

BK. CASE #   **12-00796**

CHAPTER 13

## Chapter 13 Plan Continuation Sheet

**Additional Other Provisions:**

In addition to the above-stated, creditors exist to whom the debtor surrenders collateral:

Debtor surrenders collateral to creditor BP-CRLINE.

LUMB SUM PAYMENTS:

Schedule I reflects $1,000.00 per month of income from special distributions from Debtor's 100% owned corporation Ro-Sa, Inc. Proceeds for this distribution will come from the liquidation of certain business equipment currently owned by corporation. Accordingly, Debtor submits that she will commit to making lump sum payments to the Trustee in the amount of $6,000.00 every 6 months (months #6, 12, 18, 24, and 30 of this Chapter 13 Plan). The need for the lump sum payments is that the amount of $1,000.00 per month listed on Schedule J is not fixed income, rather, an average of Debtor's expectation.

INSURANCE PROVISION:

Debtor will maintain the 2007 Toyota Yaris insured at all relevant times. Vehicle is currently insured through March of 2013 due to insurance purchased through the initial financing agreement. Thereafter, Debtor will provide insurance through Eastern Insurance Co., until vehicle has been paid for.

SPECIAL CO-DEBTOR UNSECURED CLAIMS CLASS:

Debtor is obligated on a commercial loan to Coop de Vega Alto for the amount of $170,200.00. Debtor was joined in that obligation by her 100% owned corporation, Ro-Sa, Inc. Further, the loan was secured by: (a) a lien on real property owned by Debtor's sister in the amount of $73,200.00; (b) a second mortgage on Debtor's Primary Residence in the amount of $109,800.00 and (c) a blanket lien on the assets of Ro-Sa, Inc. (including certain commercial kitchen equipment valued at the time at $60,000.00). Debtor proposes to a "SPECIAL CO-DEBTOR UNSECURED CLAIMS CLASS" for this claim, to be treated as follows:

I. Debtor will file an adversary proceeding to adjudicate:

a. That the $109,800.00 2nd mortgage that encumbers Debtor's primary residence is wholly unsecured;

b. The adversary will also seek to adjudicate that all payments which have been made on the Coop loan, to this date (approximately $13,000.00) should be applied to and reduce the secured claim which the Coop maintains on Co-Debtor's real property. Accordingly, the Coop's secured claim as to Co-Debtor's real property should be reduced to $60,000.00 ($73,200 original amount minus $13,000.00 which have been paid); and

c. The adversary will also seek to adjudicate that all payments made to the Coop pursuant to the "SPECIAL CO-DEBTOR UNSECURED CLAIMS CLASS" being created herewith should be applied towards the secured claim that the Coop maintains over Co-Debtor's real property.

II. If Debtor prevails, the resulting Coop claim should be approximately $60,000.00. The Coop claim to be paid through the Chapter 13 Trustee's Office as a "SPECIAL CO-DEBTOR UNSECURED CLAIMS CLASS". Payments on this claim to be applied towards the secured claim that the Coop maintains over Co-Debtor's real property with the eventual release of the lien on Co-Debtor's property. Payments for this claim to be funded as follows:

a. For the first 30 months, Debtor, on behalf of Ro-Sa, Inc., will continue to liquidate the commercial equipment owned by Ro-Sa, Inc. Ro-Sa, Inc. will make special distributions to Debtor, which Debtor will then turn over to the estate. It is estimated that Debtor will realize $30,000.00 from this liquidation.

b. Thereafter, Debtor will step up her personal contributions to the estate to cover any necessary payments. Amongst other, Debtor is looking to rent her primary residence and move to more affordable quarters, which she estimates can save her $700.00 per month.

ATTORNEY FEE PROVISION: Trustee will pay Attorney's fees before any claim and after administrative expenses.

TAX REFUND PROVISION: Post petition income tax refunds, OTHER THAN AND BEYOND THOSE THAT DEBTOR HAS ALREADY COMMITTED TO THIS CHAPTER 13 PLAN, that the Debtor(s) actually receives during the term of this Chapter 13 Plan (the "Plan") will be used to fund this Plan (these additional tax refunds will be deemed "Additional Tax Refunds"). After confirmation and without further notice, hearing or Court Order, the Plan shall be deemed